UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

SERGIO PARRA,                                        :
                                                     :   **ORDER AND OPINION**
                            Petitioner,              :   **DENYING PETITION FOR**
                                                     :   **WRIT OF HABEAS CORPUS**
             -against-                               :
                                                     :   09 Civ. 5839 (AKH)
ROBERT ERCOLE,                                       :
                                                     :
                            Respondent.              :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioner Sergio Parra, proceeding pro se, seeks review pursuant to 28 U.S.C. § 2254 of a conviction by the New York Supreme Court of Murder in the Second Degree.  Petitioner claims that the conviction violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution because the jury did not recognize his defense of extreme emotional disturbance, and because the instructions to the jury increased his burden of proof and failed to require unanimity.

        For the following reasons, the petition is denied.

## I.      BACKGROUND

        On September 16, 2004, an argument broke out between Petitioner, Sergio Parra, and his wife, Yajaira Parra.  Petitioner had learned that Ms. Parra was having an affair, and had had sex, with another man, and confronted her.  Ms. Parra was unrepentant, and the argument escalated.  Petitioner stabbed his wife multiple times; she fell to the ground, and Petitioner continued to stab her until she was dead.  In excess of thirty stab wounds were found on Ms. Parra's body.

        At trial, Petitioner presented an expert witness to explain that he had been overcome by an extreme emotional disturbance.  The trial judge instructed the jury that "if you find that the defendant has proven the affirmative defense by a preponderance of the evidence, then you must find the defendant not guilty of murder in the second degree . . . [and instead find him] guilty of the reduced charge of manslaughter of the first degree." Trial Tr. at 785, March 20, 2007, (Doc. No. 5).

Nevertheless, the jury returned a verdict of guilt of Murder in the Second Degree.  The court sentenced Petitioner to an indefinite term of 23 years to life.  Petitioner is serving that term.

## II.      APPELLATE HISTORY

On appeal, the Appellate Division affirmed Petitioner's conviction.  People v. Parra, 870 N.Y.S.2d 335 (App. Div. 2009).  It held that the verdict was not against the weight of the evidence and that Petitioner's challenges to the jury instructions were unpreserved.  Id.  It also held, however, that if it were to review Petitioner's objections to the jury instructions on the merits, it would reject them because the jury instructions paralleled the New York Criminal Jury Instructions and any differences were in form rather than substance.  Id.  The Court of Appeals denied leave to appeal.  People v. Parra, 12 N.Y.3d 820 (2007).

On June 25, 2009, Petitioner timely filed this petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254.

## III.     STANDARD OF REVIEW

A petition for a writ of habeas corpus under 28 U.S.C § 2254 may be granted only if the state court adjudication (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  § 2254(d)(1)-(2).

A decision is contrary to Supreme Court precedent if the state court "applies a rule that contradicts" that precedent, or reaches a different result on facts that are "materially indistinguishable."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."  Id. at 409.  It "may not issue the writ simply because [it] concludes in its independent judgment that the relevant state court decision

applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 410-11.  Also, it is to be presumed that the state court correctly determined factual issues unless the petitioner rebuts the presumption with clear and convincing evidence.  28 U.S.C § 2254(e)(1) (2010); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) ("[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding.").

## IV.    DISCUSSION

### A.    Sufficiency of the Evidence Claim

Petitioner argues that the evidence was legally insufficient to prove Murder in the Second Degree, for the jury should not have rejected his defense of extreme emotional disturbance. A defendant has a "very heavy burden [when] challenging the sufficiency of the evidence underlying his conviction."  Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995) (internal quotation marks omitted).  When reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  This heavy burden preserves "the factfinder's role as weigher of the evidence."  Id. at 319.

In New York, a person is guilty of Murder in the Second Degree if he (1) intended to cause the death of another person, and (2) actually caused the death of such person or a third person. N.Y. Penal Law § 125.25(1) (2010).  In order to establish the defense of extreme emotional disturbance, the defendant must demonstrate that he actually suffered from an extreme emotional disturbance, and also that there is a reasonable explanation or excuse for that disturbance.  Id. § 125.25(1)(a); People v. Roche, 772 N.E.2d 1133, 1137-38 (N.Y. 2002).  However, extreme emotional disturbance is not an absolute defense.  See Murden v. Artuz, 497 F.3d 178, 194 (2nd Cir.

3

2007) ("The affirmative defense of extreme emotional disturbance is a partial defense to second-degree murder.").  It is for the jury to decide if the extreme emotional disturbance constitutes a mitigating factor that lessens the defendant's culpability.  People v. Casassa, 404 N.E.2d 1310, 1317 (N.Y. 1980).  Furthermore, in order for Petitioner to succeed in his habeas petition, he has to show that his conviction, based on the jury's verdict, was contrary to, or involved an unreasonable application of, a decision of the U.S. Supreme Court, or that the facts pursuant to such a decision were unreasonably determined.

Based on my review of the record, and construing the evidence in the light most favorable to the prosecution, a rational jury could have rejected Petitioner's claim that the emotional disturbance he suffered from rose to a level that would mitigate his culpability.  Petitioner points to no decision of the U.S. Supreme Court that is inconsistent with his verdict, nor any application of the facts that could constitute constitutional error. Accordingly, this branch of Petitioner's argument is rejected.

**B.      Jury Instructions Claim**

Petitioner argues that the jury instructions increased the burden of proof for his affirmative defense from the required 'preponderance of the evidence' standard, N.Y. Penal Law § 25.00(2), to the more onerous 'clear and convincing' standard.[1]  Petitioner's argument lacks merit.

The jury instruction stated:

A preponderance of the evidence means the greater part of the believable and reliable evidence, not in terms of the number of

---

[1]      It is important to note that the standard of reasonable doubt pervades both the case in chief and affirmative defenses.  If, because of an affirmative defense, a reasonable doubt as to any element of a crime is raised, the jury must acquit the defendant.  Though Due Process requires that every element of a state crime be proven beyond a reasonable doubt, In re Winship, 397 U.S. 358, 364 (1970), the state has the freedom to place the burden of persuasion with respect to affirmative defenses on the defendant.  See Patterson v. New York, 432 U.S. 197, 201 (1977) (holding that New York's placement of the burden of proving the affirmative defense of extreme emotional disturbance on the defendant does not violate Due Process).

> witnesses or the length of time taken to present the evidence but in
> terms of the quality and the weight and convincing effect it has.

> For the affirmative defense to be proved by a preponderance of the
> evidence, the evidence that supports the affirmative defense must be
> of such a convincing quality as to outweigh any evidence to the
> contrary.

Trial Tr. at 784-85, March 20, 2007, (Doc. No. 5).  These instructions conveyed to the jury that the evidence in favor of the affirmative defense had to "outweigh" the evidence to the contrary.  That was a correct statement of New York law.  The jury was instructed that the quality of the evidence, not the quantity, should govern its decision.  That also was a correct statement.  No more was required in the instruction other than that the convincing evidence in favor of the affirmative defense outweigh any evidence to the contrary.

Petitioner next argues that the jury instructions failed to require unanimous rejection of his affirmative defense.  The argument lacks merit.

The jury instructions on this point stated:

> If you find that the defendant has not proven the affirmative defense
> by a preponderance of the evidence, then based upon your initial
> determination that the People had proven beyond a reasonable doubt
> each of the elements of murder in the second degree, you must find
> the defendant guilty of murder in the second degree as charged.

> On the other hand, if you find that the defendant has proven the
> affirmative defense by a preponderance of the evidence, then you
> must find the defendant not guilty of murder in the second degree, as
> charged in this count, but you must find the defendant guilty of the
> reduced charge of manslaughter of the first degree.

Trial Tr. at 785.  The judge also instructed the jury that:

> Whatever your verdict may be in this case it must be by a unanimous
> vote of the twelve members of the jury.  Each of you must
> individually agree on the verdict.  You must decide the case for
> yourself.

Trial Tr., at 762.  These instructions adequately conveyed to the jury that the defendant has the burden of proving his defense by a preponderance of the evidence and that a verdict must be reached

unanimously. The jury was instructed that if Petitioner proved his affirmative defense by a preponderance of the evidence, the jury was required to find him not guilty of murder, and instead to find him guilty of manslaughter. Petitioner thus was not deprived of the jury instruction he claims he was entitled to receive.

## V.    CONCLUSION

For the reasons stated, the petition for a writ of habeas corpus is denied. Since Petitioner has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2) (2010); Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002).

The Clerk shall mark the case closed.

SO ORDERED.

Dated:         June 2__, 2010
               New York, New York

ALVIN K. HELLERSTEIN
United States District Judge